UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HARDLE ENNIS, JR.,                          )
                                            )
          **Plaintiff,**                  )
                                            )
v.                                          )   Case No. 13-CV-0055-CVE-FHM
                                            )
PATRICK R. DOHANOE,                         )
Postmaster General,                         )
United States Postal Service,               )
                                            )
          **Defendant.**                  )

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss and Brief in Support (Dkt. # 6) and Plaintiff's Motion for Extension of Time to Effect Service of Process (Dkt. # 7). Defendant asks the Court to dismiss the case because plaintiff has failed to serve the federal officer and the United States in compliance with Fed. R. Civ. P. 4(i). Plaintiff responds that it is undisputed that he served defendant Patrick R. Donahoe but he was unaware that he was also required to serve the United States, and he requests an extension of time to properly serve the United States.

Plaintiff alleges that he was employed by the United States Postal Service (USPS) from May 23, 1997 to January 28, 2011. Dkt. # 2, at 1. On May 25, 2010, he entered a last chance agreement with the USPS and plaintiff understood that his employment would be terminated if he had more than two unscheduled absences during a 90 day period. Id. at 2. Plaintiff did not attend work on January 5, 6, and 7, 2011, but the absences were treated as a single absence by the USPS. He requested that the absences be treated as leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA), but his request was denied because he had not worked 1,250 hours during the previous 12 months. Id. Plaintiff alleges that he worked additional hours between January 7 and

January 19, 2011 and he satisfied the 1,250 hour requirement. Id. Plaintiff claims that he was ill from January 19 to 21, 2011 and he was unable to attend work. The USPS terminated plaintiff's employment on January 28, 2011 due to plaintiff's unexcused absences. However, plaintiff alleges that he was eligible for FMLA leave as of January 19, 2011 and the USPS should have given him FMLA leave for his absences on January 19, 20, and 21, 2011. On January 28, 2013, plaintiff filed this case alleging that defendant Donahoe, Postmaster General of the USPS, violated plaintiff's rights under the FMLA. Plaintiff served Donahoe on February 5, 2013, but he has not served the United States Attorney for the Northern District of Oklahoma or the United States Attorney General. Dkt. # 6, at 1; Dkt. # 8, at 1. Plaintiff's deadline to serve defendant in compliance with Rule 4 was May 27, 2013.

Defendant has filed a motion under Fed. R. Civ. P. 12(b)(5), arguing that plaintiff's claims should be dismissed because he failed to properly serve defendant within 120 days of filing the complaint. The Federal Rules of Civil Procedure require a plaintiff to serve each defendant within 120 days of filing the complaint, or the Court must dismiss the plaintiff's claim against any defendant who has not been served or permit the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff can show "good cause" for failing to serve the defendant within 120 days, the court shall allow the plaintiff additional time to effect service. The Tenth Circuit has created a two-step analysis to assist district courts when considering whether to grant a plaintiff's request for additional time:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district

> court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not constitute good cause. In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996); Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). A court must consider a plaintiff's argument as to the existence of good cause and make specific findings on those arguments or the district court's decision to deny additional time to effect service is "merely abuse of discretion and inconsistent with the spirit of the Federal Rules." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

Defendant is an officer of the United States and service must be made on defendant and the United States in compliance with Rule 4(i). Olsen v. Mapes, 333 F.3d 1199 (10th Cir. 2003). Rule 4(i) provides:

> To serve a federal officer of employee, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i). Rule 4(i)(4) requires the Court to extend the 120 day period provided by Rule 4(m) for a "reasonable time" to cure a plaintiff's failure to "serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Even if Rule 4(i)(4) does not

apply, the Tenth Circuit has recognized the "complex nature of the requirements" of Rule 4(i) and the complexity of these requirements is a factor that a district court should consider when a plaintiff requests an extension of time to effect service under Rule 4(i).  Espinoza, 52 F.3d at 542.

The parties do not dispute that plaintiff has served Donahoe with a summons and copy of the complaint, and it is also undisputed that plaintiff has not served the United States District Attorney for the Northern District of Oklahoma or the United States Attorney General with a copy of a summons and the complaint.  Plaintiff's counsel states that he was unaware of this additional requirement, and he concedes that his lack of familiarity with Rule 4(i) is not good cause for an extension of the 120 day deadline to serve defendant. Dkt. # 8, at 3.  However, plaintiff argues that a permissive extension of time is warranted, because defendant will not be prejudiced if he is given additional time to serve the United States.  He also argues that a dismissal of his claims would effectively constitute a dismissal with prejudice, because he filed his case on the final day of the statute of limitations and he would be unable to refile his claims.  The Court finds that plaintiff should be granted a permissive extension of time to properly serve the United States.  As the Tenth Circuit has noted, the service requirements of Rule 4(i) are complex and this is a relevant consideration for the Court when faced with a request for a permissive extension of time to serve a defendant.  Espinoza, 52 F. 3d at 542.  Defendant has not identified any prejudice that will result if plaintiff's request for an extension of time is granted, but plaintiff will be unable to refile his claims if the case is dismissed.  Id. (permissive extension of time may be "justified . . . if the applicable statute of limitations would bar the refiled action . . . .").  This would result in substantial prejudice to plaintiff and permissive extension of time to serve defendant is warranted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Effect Service of Process (Dkt. # 7) is **granted**, and plaintiff is given 30 days from entry of this Opinion and Order to comply with the service requirements of Rule 4(i).

**DATED** this 12th day of July, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE